**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON LYTLE, | : | Case No. 2:26-cv-444 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Michael H. Watson |
| vs. | : | Magistrate Judge Kimberly A. Jolson |
| CITY OF CHILLICOTHE, *et al.*, | | |
| Defendants. | | |

**ORDER and REPORT AND RECOMMENDATIONS**

Plaintiff, a state prisoner incarcerated at London Correctional Institution ("LoCI"), has filed a *pro se* civil rights complaint in this Court pursuant to 42 U.S.C. § 1983.[1] Plaintiff sues the City of Chillicothe, the Chillicothe Police Department, and seven Chillicothe Police Officers, arguing that those officers used excessive force, sexually assaulted Plaintiff, and defamed his character, when arresting and detaining him on a domestic violence call. (Doc. 13 at 2–5).

This matter is before the Court for a *sua sponte* review of Plaintiff's Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Undersigned **ORDERS** that Plaintiff's Eighth Amendment claims against Defendants John Campbell, Caleb Sizemore, Chris Clayton, Katrina Hallam, Samantha Taczak,

---

[1] Petitioner filed his initial Complaint on April 13, 2026 (Doc. 1), and "Statement of Claims" on May 11, 2026 (Doc. 5). By order of the Court (Doc. 12), Plaintiff filed an Amended Complaint on August 29, 2026, (Doc.13), which the Court construes as the operative Complaint in this case.

and Stephen Sprague be permitted to proceed to further development. The Undersigned further **RECOMMENDS** that the Court decide at a later date whether to exercise supplemental jurisdiction over Plaintiff's state-law claims for assault and, against Defendant Monique Lee, defamation of character. But the Undersigned **RECOMMENDS** that Plaintiff's official capacity claims against the Defendants for damages, as well as Plaintiff's claims against the City of Chillicothe **be DISMISSED without prejudice**, and that Plaintiff's claims against the Chillicothe Police Department be **DISMISSED with prejudice**.

## I. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fee and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328–29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. And an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.

*Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Though by the same token, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("[D]ismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim [under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)].").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. Allegations and Parties

Plaintiff states that on or about April 14, 2024, Chillicothe police were dispatched to 203 Lincoln Park for investigation of a domestic disturbance call and subsequently arrested Plaintiff. (Doc. 13 at 2). Plaintiff contends that Defendants Stephen Sprague, John Campbell, and Caleb Sizemore slammed him to the floor. While Plaintiff was on his stomach and being placed in handcuffs, Defendant Campbell began punching Plaintiff and calling him "bitches." Plaintiff states that all three Defendants then flipped him on to his back, and that Defendants Sizemore and Clayton shot Plaintiff with tasers. Plaintiff states that one shot landed in his mid-section just above his penis and another shot landed in his testicles. Plaintiff states that Defendants Sprague and Campbell then flipped him back on to his stomach, after which Defendants Sizemore and Clayton resumed tasing Plaintiff "until the taser was empty and couldn't be fired anymore." (*Id.*).

Next, Plaintiff states that, while he was being tased, Defendant Campbell punched him again and Defendant Sprague began tasing Plaintiff in his back. Sprague started around Plaintiff's kidney-area and then moved the taser down each time he pulled the trigger. According to Plaintiff, Sprague did not deploy the prongs, but instead "used the hand held taser style." According to Plaintiff, Sprague "then began shoving [the] taser in my butt, pulling the trigger sometimes while he was ramming the taser in and out of my butt." (*Id.*). Plaintiff states that eventually, he was able to grab the taser and pull it out of his buttocks. (*Id.* at 2–3).

During this whole process, Plaintiff continues, Defendant Katrina Hallam held Plaintiff's legs down. (*Id.* at 3). Defendants Clayton and Sizemore were on Plaintiff's right side, also holding him down. At this point, Campbell began kicking Plaintiff in his head and face, while someone

Plaintiff could not see began kicking him in his side. Sprague elbowed and tased Plaintiff, and then shoved the taser back into Plaintiff's butt.

Plaintiff alleges that he repeatedly asked what Defendants were doing, pleading that he was cuffed and not resisting. Noting that everything happened in front of his kids, Plaintiff alleges that when his 10-year-old asked them not to kill his daddy, Sgt. Taczak slammed Plaintiff's son. Plaintiff says that Sgt. Taczak stood by during the entire sexual assault and beating and never stopped her officers.

Plaintiff states that he was made to try to stand up on his own, which amused the Defendants. Plaintiff states that after he was led outside, Defendant Monique Lee told neighbors and a state trooper that Plaintiff was a rapist, even though Plaintiff contends he has never been charged with any such crimes.

Plaintiff was taken to a hospital, where taser prongs were removed from his midsection and testicles. (*Id*. at 4). Plaintiff contends that the entire incident can be seen and heard on body camera footage, and that he was tased more than 23 times. Plaintiff asserts this was excessive and that even after he pleaded with Defendants that he was bleeding from his butt, they did not stop.

Plaintiff names as Defendants: the City of Chillicothe; the Chillicothe Police Department; Officers John Campbell, Caleb Sizemore, Chris Clayton, Katrina Hallam, Monique Lee, and Stephen Sprague; and Sergeant Samantha Taczak. (*Id*. at 1). He sues the Defendants in their individual and official capacities.

In relief, Plaintiff requests damages in the amount of $20 million for sexual assault, misuse of tasers and excessive use of force. (Doc. 1 at 8). Plaintiff further requests that, because he is suing these officers individually, they should not be allowed to transfer any assets, such as cars,

homes, or bank accounts. (Doc. 13 at 4).

## III. Analysis

Based on the above allegations, Plaintiff raises, under 42 U.S.C. § 1983, an Eighth Amendment excessive force claim against Defendants Campbell, Sizemore, Clayton, Hallam, and Sprague; an Eighth Amendment failure-to-intervene claim against Defendant Taczak; as well as state-law claims of sexual assault and defamation of character. The Undersigned is persuaded that Plaintiff's Eighth Amendment claims should proceed to further development and that the Court should decide at a later date whether to exercise supplemental jurisdiction over Plaintiff's state-law claims.[2]

But for the following reasons, it is **RECOMMENDED** that Plaintiff's official capacity claims for monetary damages, and claims against the City of Chillicothe and the Chillicothe Police Department, **be DISMISSED** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### A. Official Capacity Claims and Municipal Liability

As a preliminary matter, suits brought against local officials in their official capacities are treated, "in all respects other than name," as suits against the government entity. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Applied here, Plaintiff's official-capacity claims against the Defendants are actually advanced against the City of Chillicothe.

Generally, local governments cannot be sued under § 1983 for an injury inflicted by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or

[2] The only claim pleaded against Defendant Monique Lee is a state-law claim of defamation of character. Plaintiff does not allege that Lee personally participated in, or failed to intervene to stop, any of the acts of assault that caused Plaintiff's injuries.

custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. Thus, a municipality may be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id*. at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

Applying these principles here, Plaintiff can prove an unconstitutional "policy" or "custom" by demonstrating one of four theories of liability: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Gardner v. Lexington-Fayette Urb. Cnty. Gov't*, No. 21-5941, 2022 WL 1039608, at *2 (6th Cir. Mar. 9, 2022) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). Moreover, "[i]n addition to identifying conduct properly attributable to the [government entity], a plaintiff must show that the [government entity] was a moving force behind the alleged violation." *North v. Cuyahoga Cnty.*, 754 F. App'x 380, 386 (6th Cir. 2018). And critically, "a single instance of alleged unconstitutional conduct will not suffice to state a Section 1983 claim against a municipality." *Snyder v. U.S.*, 990 F. Supp. 2d 818, 845 (S.D. Ohio 2014) (discussing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985)).

Here, Plaintiff does not allege that any policy or custom by the City of Chillicothe allegedly caused his injuries. Plaintiff does allege that an official with final decision-making authority, Sgt. Taczak, ratified illegal actions by observing and failing to intervene as Defendants Campbell,

Sizemore, Clayton, Hallam, and Sprague repeatedly assaulted Plaintiff. However, Plaintiff's allegations stem from a single incident that allegedly occurred on April 14, 2024. As noted above, a single instance of alleged unconstitutional conduct is insufficient to establish liability under § 1983 against a municipality. Plaintiff therefore fails to state a § 1983 claim against the City of Chillicothe.

Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's official-capacity claims against the Defendants for damages and Plaintiff's claims against the City of Chillicothe be **DISMISSED without prejudice** for failure to state a claim.

### B. Chillicothe Police Department

Plaintiff names the Chillicothe Police Department as a Defendant. But a police department is not *sui juris* and is therefore not subject to suit. *See Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (collecting cases). *Cf. Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) ("We note at the outset that the named defendant in this action, the Police Department of the City of Zanesville, is not a juridical entity subject to suit under Ohio law.") (citations omitted).

It is thus **RECOMMENDED** that Plaintiff's claims against the Chillicothe Police Department be **DISMISSED with prejudice** for failure to state a claim.

### C. Service

One of the next steps in this case is for Defendants Campbell, Sizemore, Clayton, Hallam, Lee, Taczak, and Sprague to be served with the Summons and Complaint, and then for them to file their responses to the Complaint. Plaintiff failed to provide any service documents. Plaintiff must provide one set of forms (a Summons form and a U.S. Marshal form) for **each** Defendant. Plaintiff

is **ORDERED** to complete and return a Summons form and a U.S. Marshal form for each of the seven Defendants listed above **within fourteen (14) days**. The Court will provide the blank forms for him to use. Plaintiff can read pages 30–35 of the Southern District of Ohio's Guide for *Pro Se* Civil Litigants for guidance about how to correctly fill out these forms.

Once the completed forms are received by the Clerk, the Court **DIRECTS** the United States Marshal Service to serve a copy of the Summons, the Complaint (Doc. 13), and this Order on Defendants Campbell, Sizemore, Clayton, Hallam, Lee, Taczak, and Sprague as directed by Plaintiff. The costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d).

## IV. Conclusion

The Undersigned concludes that Plaintiff's Eighth Amendment excessive force claims should proceed to further development but **RECOMMENDS** that Plaintiff's official capacity claims against Defendants for damages, as well as his claims against the City of Chillicothe be **DISMISSED without prejudice**, and that Plaintiff's claims against the Chillicothe Police Department be **DISMISSED with prejudice**, for failure to state a claim.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Eighth Amendment claims against Defendants Campbell, Sizemore, Clayton, Hallam, Sprague, and Taczak be permitted to proceed.

2. Plaintiff shall complete and send completed summons and USM-285 forms for each of Defendants Campbell, Sizemore, Clayton, Hallam, Lee, Taczak, and Sprague within fourteen (14) days.

3. During these proceedings, Plaintiff shall serve upon each Defendant or, if appearance has been entered by counsel, upon each Defendant's attorney, a copy of every further

pleading or other document submitted for consideration by the Court. He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of the document was mailed to Defendant(s) or Defendant(s)' counsel. Any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff must keep the Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

5. The Clerk of Court is **DIRECTED** to send Plaintiff seven (7) blank Summons forms and seven (7) blank U.S. Marshal forms for his use. The Clerk is also **DIRECTED** to send Plaintiff a copy of the Southern District of Ohio's Guide for *Pro Se* Civil Litigants.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS** Plaintiff's official capacity claims against the Defendants for damages and Plaintiff's claims against the City of Chillicothe **without prejudice**, and **DISMISS** Plaintiff's claims against the Chillicothe Police Department **with prejudice**, for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

2. The Court decide at a later date whether to exercise supplemental jurisdiction over Plaintiff's state-law claims for sexual assault and defamation.

3. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the foregoing reasons, an appeal of any Order adopting this Report and Recommendations would not be taken in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED AND RECOMMENDED.**

Date: September 10, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Crim. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).